GEORGE J. PILKINGTON, *Appellant*, v. A. J. ROSE, *Appellee*.

## Division B.

## Opinion Filed January 5, 1925.

1. Where land is conveyed not to secure the payment 'of an attorney fee, but in settlement of an attorney fee, it is not a mortgage, even though the parties subsequently agree upon terms of a reconveyance of the land to the grantor.

2. In transactions between attorney and client there should be the utmost good faith and fair dealing on the part of the attorney, and the courts will enforce this rule of conduct; but where the parties are *sui juris* and deal with each other on terms of equality as between men competent to make their own contracts, the law does not deny to the attorney a right to his compensation and to the fruits of open dealings with his client in business matters in which the client is amply able to protect himself, at least where a breach of faith or unfair dealing on the part of the attorney is not clearly shown.

An Appeal from the Circuit Court for Dade County; D. J. Jones, Judge.

Decree affirmed.

*G. A. Worley & Son,* for Appellant;

*Brown & Stokes,* for Appellee.

WHITFIELD, P. J.—The relation of attorney and client existed between the parties hereto. There was a decree for the complainant and the defendant appealed.

The attorney wrote the following letter to his client:

"Miami, Florida, May 8th, 1920.

Captain Geo. J. Pilkington,
Miami, Florida.
Dear Captain:

"Referring to our various conferences in reference to your affairs, your desire to have me try and raise money for you, or to sell your equity in your shipyard plant, and in reference to the foreclosure suit of the Bank of Bay Biscayne against you, I desire to repeat what I have already said to you, and that is that I cannot undertake to try and help you unless my fee is paid.

For my services in doing for you what I can and in trying to delay the foreclosure suit by all legitimate means as long as possible in order to give me time to try to negotiate some kind of settlement that will help you save something, I will charge you a fee of five thousand ($5,000.00) dollars, and this will be my fee whether I do or do not succeed in my efforts.

"If I do succeed to the extent of releasing you from your mortgage indebtedness to the Miami Savings Bank and the Bank of Bay Biscayne, aggregating $65,000.00 and interest, etc., or getting others to assume that indebtedness for you, and in addition to that, secure you a sum of money over and above that indebtedness, I will then charge you an additional fee of ten per cent on the amount paid or secured to you above the amount of the mortgages.

"You tell me you have no cash, but that you have an equity in Lot 8, which you bought from Ernest L. Bryant in September, 1919. You owe $3,250.00 on this to Julian Prewitte, on which the first semi-annual interest is past due.

"If you care to give me a warranty deed to this property subject to the mortgage to Prewitte, I will accept it in full

settlement of the $5,000.00 fee and pay the mortgage on it to Prewitte when due.

"I would very much prefer to have the fee paid in cash, but will take the property subject to the mortgage and pay the mortgage in settlement of the $5,000.00 if it is entirely satisfactory to you, as you tell me you think the equity is worth about $5,000.00.

"Yours very truly,<br>A. J. ROSE.

AJR/lgh

The above is satisfactory.

GEO. J. PILKINGTON."

On the same day the client executed to his attorney a warranty deed conveying the property in fee simple to the attorney.

On May 15, 1920, the following agreement was executed:

*"MEMORANDUM OF AGREEMENT*

"WHEREAS, on May 8th, 1920, George J. Pilkington conveyed by warranty deed to A. J. Rose that property in the City of Miami, Dade County, State of Florida, described as follows:

Lot eight (8) of a sub-division of that part of the Southwest Quarter (SW ¼) of the Southeast Quarter (SE ¼) of Section Thirty-five (35) Township Fifty-three (53) South, Range Forty-one (41) East, lying north of the Miami River, according to the amended plat thereof recorded in plat book number one (1) at page ninety-five (95) of the public records of Dade County, Florida.

In which said deed the said A. J. Rose assumed the payment of a mortgage from George J. Pilkington to Julian Prewitte of thirty-two hundred fifty ($3,250.00) dollars. Now this agreement,

"WITNESSETH, That the said A. J. Rose agrees that if the said George J. Pilkington shall pay to him the sum

of ($5,000.00) dollars on or before September 22nd, 1921, with interest at the rate of eight per cent (8%) per annum from this date until paid and shall pay the note of thirty-two hundred fifty ($3,250.00) dollars executed in favor of Julian Prewitte secured by mortgage to Julian Prewitte on said above described property, and indemnify said A. J. Rose against his assumption of the payment thereof, then the said A. J. Rose will, on such payment, and indemnification, convey the property to the said George J. Pilkington or to his heirs or assigns on demand.

"And the said George J. Pilkington on his behalf agrees that he will on or before September 22nd, 1921, pay the said sum of five thousand ($5,000.00) dollars and interest and indemnify the said A. J. Rose against his said assumption of the said mortgage of thirty-two hundred fifty ($3,250.00) dollars.

"And it is further agreed that the failure of the said George J. Pilkington to pay such sum of money and interest and indemnify the said A. J. Rose within the time mentioned herein, shall render this instrument null and void for all purposes.

"Signed, sealed and delivered in duplicate this 15th day of May, A. D. 1920, at Miami, Dade County, Florida.

A. J. ROSE    (SEAL)<br>
GEO. J. PILKINGTON   (SEAL)

Signed, sealed and delivered in the presence of

F. H. HENNING<br>
C. L. BROWN."

On January 7, 1921, the parties executed a lease of the premises from A. J. Rose, the attorney, to George J. Pilkington, the client.

The agreement dated May 15, 1920, was not performed by the client Pilkington, and on May 16, 1922, A. J. Rose brought suit to have canceled of record as a cloud on his title the unperformed agreement of May 15, 1920. A demurrer to the bill of complaint was overruled and by answer the defendant Pilkington averred matters tending to affect the good faith of Rose, his attorney, and to discount the services rendered by the attorney, and asserts that the agreement of May 15, 1920, was for the purpose of showing the deed of May 8, 1920, "was a mortgage given to secure an indebtedness to be later incurred for services to be later rendered." Testimony was taken and the following decree rendered:

"This cause coming on to be heard upon final hearing and counsel for the parties being present and having argued the said cause fully and the court being fully advised in the premises,

"It is thereupon ordered, adjudged and decreed that the equities are with the complainant, that the allegations of the Bill of Complaint are true, that the averments of the answer are untrue and it is

"Further ordered, adjudged and decreed that that certain contract between complainant and defendant dated May 15, 1920, attached to the Bill of Complaint as Exhibit 'B,' which is recorded in Deed Book 257 at Page 263 of the public records of Dade County, Florida, be and it is hereby decreed null and void, and it is hereby cancelled and removed as a cloud upon the title of the complainant to the property described in the Bill of Complaint."

The letter dated May 8, 1920, from A. J. Rose, the attorney, to George J. Pilkington, and endorsed by the latter as "satisfactory" and the warranty deed of the same date, considered with the "memorandum of agreement" of May 15, 1920, signed by both parties in which the grantee in the

deed of May 8, 1920, agrees to reconvey the property to the grantor, do not, with the evidence adduced, show that the deed is in law a mortgage. The letter of May 8, 1920, from the attorney to his client expresses a preference for the payment in cash of the fee charged, but offers to "take the property subject to the mortgage" "in full settlement of the $5,000.00 fee" "if it is entirely satisfactory to you, as you tell me you think the equity is worth about $5,-000.00." The client endorsed on the letter, "The above is satisfactory. Geo. J. Pilkington," and executed the warranty deed to A. J. Rose. This shows the deed was executed *in settlement* of an obligation, and not *to secure* the payment of a debt. See 1 Jones on Mort. (7th ed.) p. 350, Sec. 267.

In transactions between attorney and client there should be the utmost good faith and fair dealing on the part of the attorney, and the courts will enforce this rule of conduct; but where the parties are *sui juris* and deal with each other on terms of equality as between men competent to make their own contracts, the law does not deny to the attorney a right to his compensation and to the fruits of open dealings with his client in business matters in which the client is amply able to protect himself, at least where a breach of faith or unfair dealing on the part of the attorney is not clearly shown. In this case the decree canceling as a cloud upon title to land conveyed to the attorney in settlement of a fee, an agreement to reconvey the land that was not performed by the client, is justified by the evidence, since the client does not appear to have been incompetent to deal for himself, and the deed made to the attorney was clearly *in settlement* of a fee, not to secure the payment of the fee, and therefore not a mortgage; and the evidence does not establish unfair dealing or imposition by the attorney to the injury of his client. Even if technical errors

were committed in matters of procedure, they could not be harmful to the appellant, and error in the decree is not made to appear, therefore it is affirmed.

WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.