Russell ALEXANDER, Petitioner-Appellant,

v.

C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 71–3149.

United States Court of Appeals,
Fifth Circuit.

June 9, 1972.

Rehearing Denied June 29, 1972.

Warren D. Rush, Lafayette, La., for petitioner-appellant.

Knowles M. Tucker, Dist. Atty., 16th Judicial Dist. Court, New Iberia, La., William J. Guste, Jr., Atty. Gen. of La., Baton Rouge, La., for respondent-appellee.

Before WISDOM, GOLDBERG and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a habeas petition by a state prisoner. The petitioner, Russell Alexander, was convicted by a Louisiana jury of murder and sentenced to death. In his habeas petition Alexander asserts (1) that his conviction was based on an involuntary confession which was admitted into evidence in violation of the Fifth Amendment, and (2) that the death sentence was returned by a "hanging" jury in violation of Witherspoon v. Illinois, 1968, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776. We conclude that on the basis of the reasons and reasoning carefully delineated in the opinion of the district judge, Alexander v. Henderson, W.D.La. 1971, 330 F.Supp. 812, the judgment of the court below should be affirmed.

Affirmed.

1. 411 F.2d 365 (5th Cir. 1969)

2. Florida Statutes § 697.01(1), F.S.A.; Holmberg v. Hardee, 90 Fla. 787, 108 So.

EASTERN FEDERAL CORPORATION, Plaintiff-Appellant-Cross Appellee,

v.

ROYAL PARK WEST, INC., et al., Defendants-Appellees-Cross Appellants.

No. 71–3598.

United States Court of Appeals,
Fifth Circuit.

June 9, 1972.

Rehearing Denied July 13, 1972.

Carl R. Pennington, Jr., Ben H. Wilkinson, Tallahassee, Fla., for appellants.

Joe C. Jenkins, Jr., Charles A. Williams, Jr., Gainesville, Fla., for Royal Park West, Inc., and others.

Jackson Bryan, Palatka, Fla., for Bryan and others.

Before TUTTLE, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

There being issues of fact as to damages for resolution by the jury and sufficient evidence to support the jury's verdict under the Boeing Co. v. Shipman [1] standard, and the deed having been delivered and conveying property to the grantee in full, unconditional satisfaction of the debt rather than as security to be held for the payment of the debt, under the clear terms of the agreement between the parties, so that there was no mortgage under Florida law,[2] we affirm the judgment of the district court in all respects, both as to appeal and cross-appeal.

Affirmed.

211 (1926); Pilkington v. Rose, 88 Fla. 547, 102 So. 751 (1925).